Don J. Foty
Texas State Bar No. 24050022
(*pro hac vice motion forthcoming*)
**KENNEDY HODGES, LLP**
711 W. Alabama Street
Houston, Texas 77006
Telephone:  713-523-0001
Facsimile:  713-523-1116
dfoty@kennedyhodges.com
*Attorney for Plaintiff and the Putative Class*

**LOCAL COUNSEL:**
Michelle R. Matheson #019568
**MATHESON & MATHESON, P.L.C.**
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
**E-Service:** reception@mathesonlegal.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clinton Lund, Individually and On Behalf of All Others Similarly Situated;<br><br>Plaintiff,<br><br>v.<br><br>Dean's Safety Consultants, Inc.;<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT—COLLECTIVE ACTION** |

Plaintiff Clinton Lund, on behalf of himself and all other similarly situated employees alleges:

1. This is an action to recover unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action is brought as a collective action under the FLSA, 29 U.S.C. § 216(b), to recover overtime wages, liquidated damages, attorneys' fees, expenses and other statutory penalties resulting from Defendant's violations of the FLSA.

3. For at least the three year period prior to the filing of this action, Defendant has knowingly underpaid its employees by paying a day rate without overtime.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is civil action arising under the laws of the United States. Specifically, this action is brought under the FLSA, 29 U.S.C. § 216(b).

5. This Court has personal jurisdiction over the Defendant because it regularly transacts business in the state of Arizona and has significant and continuous contacts with Arizona.

6. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the acts or omissions giving rise to the claims in this action occurred in this district, including many of the wrongs herein alleged. Specifically, Plaintiff worked in Arizona and was underpaid for that work in this state.

## PARTIES

7. Plaintiff Clinton Lund is a resident of Apache County Arizona. He is a former employee of Defendant within the meaning of 29 U.S.C. § 203(e)(1). During his tenure of employment with Defendant, Defendant unlawfully paid him on a day rate basis without overtime. His consent to sue is attached as Exhibit "A" to this action.

8. Defendant Dean's Safety Consultants, Inc. is a Colorado corporation that does business in Arizona. Defendant may be served process through its registered agent Gloria V. Olson, 2579 Hwy. 160, Cortez, CO 81321, or wherever she may be found.

9. The Class Members are all employees that worked for Defendant during the three year period predating the filing of this action to the present paid on a day rate basis. The Class Members are employees of the Defendant within the meaning of 29 U.S.C. § 203(e)(1).

## FLSA COVERAGE

10. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

11. At all material times, Defendant has been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

12. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1). Defendant has had and continues to have employees engaged in commerce.

13. Defendant has an annual gross business volume of not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

14. Count I asserted below is properly maintainable as a collective action under 29 U.S.C. § 216(b).

15. As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described herein.

16. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendant and were paid on a day rate basis within the three (3) years preceding the filing of this Complaint to the present.

17. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

18. Plaintiff has actual knowledge, through observations of and conversations with his co-workers, that a class of similarly situated Class Members exists who have been subjected to Defendant's policy of not paying overtime for all hours worked over forty. Plaintiff worked with other employees at multiple locations for Defendant.

19. The Class Members are similarly situated to Plaintiff in that they all performed similar duties, were paid on a day rate basis, and were denied overtime pay.

3

20. Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

21. The experience of Plaintiff, with respect to his employment classification and pay, is typical of other workers across Defendant's business.

22. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment because liability in this case relates to Defendant's decision to pay its employees on a day rate without overtime.

23. Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

24. Class Members are not exempt from receiving overtime pay under the FLSA.

25. Like Plaintiff, all Class Members, irrespective of their particular job requirements, are entitled to receive overtime compensation for hours worked in excess of forty during a workweek.

26. The names and addresses of the Class Members are available from Defendant's records.  To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

27. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

28. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

## **FACTS**

29. Defendant employs individuals with the job title of "safety consultant" and "field technician" to customers in the oil and gas industry. The "safety consultant"/"field

technician" performed inspections at various worksites.  In addition, these workers monitored atmospheric hydrogen sulfide (H2S) using equipment provided by Defendant.  No independent judgment or discretion is needed to perform the work of a "safety consultant"/"field technician."

30. Plaintiff worked for Defendant in this position from approximately January 2013 to January 2015 at multiple job sites throughout Arizona.

31. In general, a customer who hires Defendant for its services requires 24 hour attendance at the job site by the "safety consultant"/"field technician."  As such, Defendant typically staffs two of these workers per job site.  These workers temporarily live at the job site and works a twelve hour shift each day.

32. Defendant paid Plaintiff on a day rate basis.  His day rate was $365 each day spent in the field.

33. There were weeks when Plaintiff worked seven straight days for at least 84 hours.

34. Defendant did not pay Plaintiff at the rate of time and one half his regular rate of pay for all hours worked over 40 in a workweek.

35. Instead, Defendant paid Plaintiff on a day rate without any overtime for his hours in excess of 40 hours per week.

36. Additionally, just like Plaintiff, the Class Members were paid on a day rate basis.

37. Just like Plaintiff, the Class Members regularly worked more than 40 hours in a week.

38. Further, just like Plaintiff, the Class Members did not receive overtime pay when they worked more than 40 hours in a week.

39. The Plaintiff and Class Members performed nearly identical duties.

40. The Plaintiff and Class Members were classified by Defendant as exempt from overtime.

41. Despite the classification as exempt, the Plaintiff and Class Members are not exempt from the overtime requirements of the FLSA.

42. None of the white collar exemptions found in 29 U.S.C. § 213(a)(1) are applicable to the Plaintiff or the Class Members.

43. Additionally, none of the other exemptions found under the FLSA are applicable to the Plaintiff or the Class Members.

44. The Plaintiff and Class Members did not have a primary duty to regularly supervise two or more individuals.

45. The Plaintiff and Class Members did not have hiring or firing authority.

46. The Plaintiff and Class Members did not have authority to make decisions regarding matters of significance.

47. The Plaintiff and Class Members were not paid a salary or on a fee basis.

48. Defendant's method of paying the Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

49. Defendant knew about the requirements to pay overtime but chose not to pay overtime to the Plaintiff and Class Members.

**COUNT I**
**FAILURE TO PAY OVERTIME UNDER THE FLSA**
**(29 U.S.C. § 207)**

50. Plaintiff realleges and incorporates by reference all allegations in all paragraphs as if fully set forth herein.

51. The FLSA, 29 U.S.C. § 207(a)(2) provides in relevant part:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his

employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

52. By the acts and omissions complained of above, including, *inter alia*, by paying on day rate basis and by failing to pay overtime wages for work in excess of 40 hours per week, Defendant violated the FLSA.

53. Plaintiffs and Class Members are entitled to receive compensation at the rate of one and one-half times their hourly rate for each hour worked in excess of forty hours per workweek.

54. Defendant's violations of the FLSA were willful and accordingly a three year statute of limitations applies, pursuant to 29 U.S.C. § 255.

55. Each improperly paid Plaintiff and Class Member, who performed or continues to perform services for Defendant for any time during the three years preceding this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action. Notices should be sent to all Class Members, as defined above pursuant to 29 U.S.C. § 216(b).

56. Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA.

57. Plaintiff and Class Members have been harmed and suffered damages by being denied overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

58. As a result of Defendant's unlawful acts and violations of the FLSA, Plaintiff and Class Members have been damaged and pursuant to 29 U.S.C. § 216(b) are entitled to recovery of overtime wages, liquidated damages in an amount equal to the wages they are owed as unpaid overtime, attorneys' fees, costs and other compensation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of Class Members, prays that judgment be entered against Defendant and that the Court award the following relief including, but not limited to:

A. A declaration that Defendant has violated and is violating the FLSA;

B. A declaration that Defendant's violations of the FLSA are willful;

C. Awarding Plaintiff and Class Members wages and overtime payments due to them for the hours worked by them for Defendant without proper compensation;

D. Awarding Plaintiff and Class Members statutory liquidated damages to be paid by Defendant;

E. Awarding Plaintiff and Class Members attorneys' fees and costs of suit;

F. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper, at law and in equity.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated August 26, 2016.

KENNEDY HODGES, LLP

/s/ Don J. Foty
Don J. Foty
Texas State Bar No. 24050022
(*pro hac vice motion forthcoming*)
4409 Montrose Blvd., Ste. 200
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile: 713-523-1116
dfoty@kennedyhodges.com

*Attorney for Plaintiff and the Putative Class*

| | |
|---|---|
| 1 | O<small>F</small> C<small>OUNSEL</small>: |
| 2 | Meredith Regan Harrison<br>Texas State Bar No. 24084788 |
| 3 | (*pro hac vice motion forthcoming*) |
| 4 | Kennedy Hodges, LLP<br>4409 Montrose Blvd., Ste. 200 |
| 5 | Houston, Texas 77006 |
| 6 | Telephone: 713-523-0001<br>Facsimile:  713-523-1116 |
| 7 | mharrison@kennedyhodges.com |
| 8 | L<small>OCAL</small> C<small>OUNSEL</small>: |
| 9 | Michelle R. Matheson  #019568<br>**M**<small>**ATHESON**</small> **& M**<small>**ATHESON**</small>**, P.L.C.** |
| 10 | 15300 N. 90th Street, Suite 550<br>Scottsdale, Arizona 85260 |
| 11 | (480) 889-8951<br>mmatheson@mathesonlegal.com |